O’NIELL, J.
[1] A rehearing was granted in this case for further consideration of the question whether plaintiff’s negligence, in leaving the cut of cars too close to the main line, was the only negligence in the case. Although, under the federal Employers’ Liability Act, proof of contributory negligence on the part of an employé does not bar his right to recover damages for an injury caused by negligence on the part of an officer or other servant of the defendant railroad company, an employé cannot recover damages for an injury resulting from negligence, if his was the only negligence in the case.
[2] In the case before us the. conductor in charge of the train, whose orders the brakeman had to obey, directed him to leave the cut of cars where they were, on the house track, after the.brakeman had expressed his doubt whether the last car in the cut was far enough from the main line to allow trains to pass safely. The brakeman, therefore, in leaving the ear too close to the main line, was merely deferring to the judgment of his superior, in obedience to a rule of the railroad company. The officers of the company would place the responsibility for such negligence, not upon the brakeman, but upon the conductor, who directed the switching of the cars. Our conclusion is that the conductor was at fault in this case, for failing to see that the cut of cars on the house track was placed far enough from the main line.
[3] The doctrine of assumption of risk is not appropriate t.o this case. The plaintiff’s forgetting the danger, or failing to guard against it, was not a deliberate assumption of risk. It was contributory negligence, if in fact it was not justified by the duty, which the brakeman owed, to obey the orders and act upon the judgment of his superior.
[4] The decree heretofore rendered by this court is now reinstated and made the final judgment herein.
MONROE, C. J., takes no part.